General demurrers have been filed to the petition, and as a second ground of demurrer it is claimed that the act known as the Valentine act, defining trusts and providing penalties as a violation thereof, is unconstitutional and void.
Elaborate briefs have been filed by counsel upon both sides citing numerous cases in support of their respective claims. I have not the time to either formulate or to deliver an opinion at great length upon the question raised, but will content myself with stating my conclusion with a brief statement for the reasons leading to it.
In the first place, where an act is claimed to be in violation of the Constitution the court must be clearly satisfied that it is so or the act must be upheld. There may be some doubt as to the constitutionality of this act in some of its provisions at least, but that it is as a whole in violation of the constitutional-requirements I am not at all clear. But I am of opinion that without regard to the constitutionality of the so-called Valentine act that this petition states a good cause of action against the defendants at common law.
It is averred that these defendants were the only persons engaged in this city in the business of furnishing plumbers supplies as jobbers; that these defendants have combined and conspired together by uniting their capital, labor and skill, for the purpose of limiting the production of such supplies in this city, and to increase the purchase price of such articles to all persons not members of- the association, to not' sell below certain figures fixed by them; that it was further agreed that they should not sell plumbing supplies to any person not a member of the association ; that they would not sell such supplies to be used in any building or structure that was not being plumbed or supplied with plumbing supplies by some member pf the association; that they would not compete with each other in furnishing such supplies, or in plumbing buildings; that they would not sell plumbing supplies to any person desiring to purchase unless some mem *79 ber of the association was employed to fnrnisli the labor to put the plumbing supplies in tbe building or buildings for wbicb they were furnished.
It is further averred that the combination was formed for the purpose of enhancing the price of such supplies without regard to their cost. There are other averments as to the purposes of the combination, but it seems to me that these averments state a case of unlawful combination tending to restrain trade and to establish a monopoly which is contrary to public policy and unlawful and void, and that the plaintiff is entitled to recover whatever damages he may be able to prove he has sustained as a direct result of such unlawful combination.
The true test of the illegality of such combinations, it seems, is their tendency to endanger the public, and as to whether or not their necessary consequence is to control prices, limit production and suppress competition in such a way as to restrain trade and create a monopoly.
Furthermore, to render such combinations void as against public policy it is not necessary that evil intent or actual injury to the public be shown, but it is sufficient that the inevitable tendency of the combination is to control prices, to the detriment of the public. It is true that contracts in partial restraint of trade which do not include all of a commodity or trade when such as to materially affect the freedom of trade or commerce are not unlawful. But if the combination operate even in a restricted locality to create a monopoly in the hands of a few individuals of a particular commodity or trade and to exclude all others in competition it is in contravention of public policy, illegal and void.
Now, the petition avers that these defendants were the only persons and firms handling these supplies in this city as jobbers, and that it was necessary for the plaintiff in his business as plumber to purchase his supplies from some one or more of them. I can well understand how a man of small means engaged in the plumbing business might not be able to keep on hand a complete stock of all sorts of supplies which he might need in the regular course of his business; that it might be impracticable to order such supplies from a distant city and await their shipment. It is probably true that these defendants may *80 unite their capital and their skill in the business of purchasing and supplying plumbers supplies, and that they may use all lawful means to increase their sale at the expense of their competitors; if they may unite their capital and efforts then such means are only that wholesome competition which is the life of trade. But if they adopt means whose only tendency is to monopolize the entire business of not only furnishing but also putting in such supplies, refusing to sell to any person not a member of the association, their organization including all those engaged in that business in this city, it seems to me the object and purpose of such a combination could be nothing less than the creation of such a monopoly in the hands of the defendant to the exclusion of small dealers and artisans engaged in that particular trade and occupation. The tendency would be to drive those smaller concerns who might not be able to buy and keep on hand such a varied stock as the daily demands of the business might require into the organization to obtain this protection, and that such a combination, one of whose principles is that there should be no competition between members of the organization, would clearly tend to monopoly and in restraint of trade and competition would seem to be too clear to admit of any doubt.
D. F. Pugh, for plaintiff.
J. E. Eater, for defendant.
I am, therefore, of opinion that the facts stated do make a proper case in favor of the plaintiff. I will not stop to cite or discuss the decided cases, which are numerous, but an examination of the cases cited and others, leads me to the conclusion I have stated, and the demurrer is therefore overruled.